UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| COURTNEY AJNA EL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-35-CEA-CHS |
| ALLEN JEFFREY REIS, *et al.* | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

I. **Introduction**

Plaintiff Courtney Ajna El, pro se, is proceeding *in forma pauperis* in this action. This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

II. **Background**

Plaintiff has filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *set seq*.; the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.; the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.*; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. This action arises from her application for a credit card through First Service Bank in Reynolds, Ohio; an alleged credit card debt related to that particular card; and the efforts of Defendants to collect the amounts allegedly owed for this credit card debt. The gravamen of Plaintiff's complaint is that one of the defendants fraudulently induced her to apply for the credit card and, therefore, she does not owe any debt on the credit card. Further, she contends that the efforts of the other defendants to collect this fraudulent debt violate various federal consumer protection laws.

As previously stated, Plaintiff applied for the credit card in Ohio. [*See also* Doc. 2, Complaint ¶ 1]. At the time of the events giving rise to this action, Plaintiff lived in Ohio. [*Id.* ¶ 2.]. All events which occurred thereafter and form a basis for this action also occurred in Ohio. [*See* Complaint, generally]. All Defendants in this action reside in Ohio. [*Id.* ¶¶ 3-6]. Plaintiff currently lives in Ohio. There are no allegations in the Complaint which demonstrate any connection whatsoever between the events giving rise to this action—or, for that matter, the Defendants themselves—and the state of Tennessee. The only connection to Tennessee which is ascertainable from the record is that, at the time Plaintiff filed this action, she lived in the Eastern District of Tennessee.

### III. Discussion

When conducting a screening pursuant to 28 U.S.C. § 1915(e)(2), it is appropriate for the Court to consider whether it has personal jurisdiction over the defendants in the action and whether venue is proper. *See e.g., Bordages v. Thorne*, No. 2:19-cv-02353-JTF-dkv, 2020 WL 587651 (W.D. Tenn. Feb. 2, 2020); *Woody v. United States*, No. 17-121-HRW, 2017 WL 5181112, *2 (Nov. 8, 2017 E.D. Ky); *Moore v. Lynch*, No. 84-6040, 793 F.2d 1292, *1 (6th Cir. May 2, 1986) (unpublished). Pursuant to a § 1915 screening, a court may dismiss an action without prejudice if it has no personal jurisdiction over the defendant. *See id.* The *Moore* Court dismissed an action as "frivolous" pursuant to § 1915 where it lacked personal jurisdiction over the defendant. *Moore*, 793 F.2d 1292, *1. In the instant case, Defendants have no contact with Tennessee and, therefore, this Court has no basis to exercise personal jurisdiction over Defendants. The Court will recommend dismissal without prejudice.

Pursuant to the § 1915 screening, another basis exists to dismiss this action without prejudice: improper venue." A court may dismiss on venue grounds under § 1915 when improper

venue is obvious from the face of the complaint and no further factual record is required to be developed." *Thorne*, 2020 WL 587651 at * 3 (citation cleaned up); *Woody*, 2017 WL 5181112 at *2; *Moore v. Caruso*, No. 2:10-cv-13051, 2010 WL 3393861 (E.D. Mich. Aug. 26, 2010); *see also* 28 U.S.C. § 1406(a) (If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Because the Defendants in this action do not reside in this district and none of the events giving rise to this action occurred in this district, venue in this Court is improper. *See* 28 U.S.C. § 1391.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice as frivolous for lack of personal jurisdiction and improper venue or, in the alternative, that this action be **TRANSFERRED** to the United States District Court for the Southern District of Ohio where the events giving rise to this action occurred and the Defendants reside.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).